## ROIG v. RODRÍGUEZ.

### APPEAL from the District Court of Humacao.

No. 395.—Decided March 29, 1910.

BOND—SUBROGATION OF SURETY.—In accordance with the provisions of section 1740 of the Revised Civil Code, the principal on a note is bound to reimburse his surety for the amount paid by him because the surety is subrogated by the payment to all the rights which the creditor had with respect to the debtor.

ID.—DEBTOR'S DEFENSE—RECEIPT OF AMOUNT OF LOAN BY DEBTOR.—The debtor, having acknowledged that he received the full amount of the loan through his surety, it is immaterial that the amount owed was received by the debtor through his surety in different installments because, although the money was in the possession of the surety, the debtor used it and it was for his benefit that the loan was made, and the principal debtor is bound to pay his surety the principal and interest paid by him without the necessity of any liquidation thereof whatsoever.

ID.—PROOF OF PAYMENT BY SURETY—OBLIGATION OF THE DEBTOR.—The surety having proved the fact that he made the payment, by the presentation of the canceled promissory note, the defendant debtor cannot escape compliance with the obligation, unless he proves that it has been satisfied and the burden is upon him so to prove, in accordance with the provisions of section 1182 of the Revised Civil Code.

ID.—FINDINGS OF THE TRIAL COURT UPON THE EVIDENCE.—The trial court having credited the statements of the plaintiff rather than those of the defendant, this court must accept its findings upon the evidence, unless it is shown that the judge was actuated by passion, prejudice or partiality.

The facts are stated in the opinion.

*Mr. Juan Vías Ochoteco* for appellant.

The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On June 27, 1907, Antonio Roig Torruellas filed a complaint in the District Court of Humacao against Juan R. Márquez, alleging the following as the fundamental grounds of his action:

1. That on November 22, 1906, the defendant signed in favor and to the order of the J. T. Silva Banking and Commercial Co., a note for the sum of $3,000, payable in two installments of $1,500 each, due on February 28 and March 30, 1907, with interest at 10 per cent per annum, the plaintiff also binding himself as principal surety to comply with the obligation in witness whereof he likewise signed the document transcribed in full in the complaint.

2. That of the obligation to which the note refers, Juan R. Márquez paid the sum of $1,577.73, and remained owing $1,597.27, which the plaintiff, as surety, paid the commercial firm of J. T. Silva Banking and Commercial Co.

3. That the defendant has paid the plaintiff neither all nor part of said sum of $1,597.27, notwithstanding the demands that have been made on him.

The complaint concludes with the prayer that judgment be rendered against Juan R. Márquez for the sum of $1,597.27 due, besides the legal interest and costs of the proceedings.

In answering the complaint, Juan Márquez admitted as true the fact of the loan transaction negotiated with the guarantee of Antonio Roig Torruellas, and denying the other facts alleged by the plaintiff, he alleged in his defense:

1. That the $3,000 loaned by the J. T. Silva Banking and Commercial Co. were not given the defendant in a single sum, but without his authorization were retained by the plaintiff, who made partial payments to him from time to time, for which reason the interest on said amount should be made the subject of liquidation to determine the part which each of the persons who signed the note should answer for.

2. That the creditors, the J. T. Silva Banking and Commercial Co. always made the collections on the note from Antonio Roig Torruellas who agreed with the defendant to pay the sum owed directly to said firm.

3. That to make the payment, Antonio Roig Torruellas disposed without authorization of the defendant, of 188 sacks of sugar belonging to him, the defendant not having stipulated with the plaintiff as to the price to be credited for each quintal of sugar in the account current between them, and consequently the debt claimed by Antonio Roig Torruellas is not liquidated, since it is pending the settlement of accounts which Roig Torruellas should render the defendant as to the application of and credit entered for the proceeds from such sugar.

In view of these facts, the defendant prayed that the complaint should be dismissed with the costs against the adverse party.

In addition, the defendant filed a cross complaint against the plaintiff, praying that Roig Torruellas be adjudged to render him an account current comprising all the items of debit and credit arising from his operations of planting and grinding sugar-cane on the Juncos Central Co.'s plantation to which he makes the following allegations:

1. That there has been an account current between the plaintiff and the defendant concerning the delivery of money and products, which has not as yet been entirely liquidated.

2. That this account current must contain among the credit entries the sum of $3,000 relating to the credit operation made with the commercial firm of J. T. Silva Banking and Commercial Co., on November 22, 1906.

3. That his efforts to have Roig Torruellas inform him as to the present state of said account current, have been fruitless.

The trial having been held, the Humacao court rendered judgment on January 16 of last year, holding that the plaintiff recover from the defendant the sum of $1,597.27, legal

interest and costs, from which judgment Rodríguez Márquez took an appeal to this Supreme Court.

The appellant alleges in support of the appeal that Antonio Roig Torruellas did not present satisfactory evidence to obtain a judgment for a specific sum, because for that purpose it would be necesary for him to have produced a detailed account of the weight of the sugar which he claims Rodríguez Márquez delivered to him and of the price at which he sold it, this being the only means of fixing the amount which the defendant paid on account of the note; and as on the other hand, the partial payments made on account of the $3,000 to the defendant by the plaintiff, have not been determined, the latter having the money in his possession, it is also impossible to determine the interest which the defendant should pay, because he cannot be required to pay interest on the sums which Roig had in his possession until they were actually delivered into his hands.

The allegations of the appellant taken in conjunction with the complaint and answer and the evidence heard at the trial, do not authorize the reversal of the judgment appealed from.

The plaintiff, as debtor, and the defendant, as joint surety, signed in favor of the J. T. Silva Banking and Commercial Co., the note described in the complaint for $3,000, payable in two installments of $1,500 each, due February 28 and March 30, 1907. This sum was received by Juan Márquez, because when he testified at the trial, he openly confessed that although Antonio Roig negotiated the loan for him with the J. T. Silva Banking and Commercial Co., and received the money, Roig delivered it to him as he needed it. Márquez having confessed, as he has, that he received from Roig the amount due the said firm, it matters little whether he received it in one or a number of installments, because even though the money were in the possession of Roig, the defendant was the one who was to use it and the loan was negotiated for his benefit, and consequently Márquez was obliged, as the principal

debtor, to pay principal and interest without the necessity of any liquidation thereof being made.

If, as we have said, Márquez received the $3,000 and did not pay the same to the creditor firm, Roig having done so, it is evident that the latter should be reimbursed for the sum paid, because the surety becomes subrogated as to the payment in all the rights which the creditor had against the debtor, according to section 1740 of the Civil Code.

In view of this provision, the plaintiff had the right to claim of the defendant the $3,000 which he paid the firm of Silva with the interest agreed on, and the defendant cannot be relieved of the fulfillment of this obligation until he shall prove that it has been extinguished, which proof devolves upon him, according to section 1182 of the said Code, as it devolved on the plaintiff to prove the fact of the payment.

The plaintiff has established the fact of the payment by the presentation of the note bearing a statement as follows:

"We have received from Antonio Roig the amount of the document. San Juan, P. R., June 13, 1907. J. T. Silva Banking and Commercial Co., J. Armstrong, Director."

In view of this evidence, it devolved on the defendant to prove that his obligation to return to Roig the amount paid had been extinguished, and as Roig alleged in his sworn complaint that Márquez had paid only the sum of $1,577.73, still owing the sum of $1,597.27, it devolved on the defendant to prove that he had also paid the latter amount, which is that claimed in the action, which he has failed to do.

His allegation to the effect that the plaintiff had sold without his consent a lot of sugar which he had at the Central Juncos to devote the proceeds of the sale thereof to the payment of the obligation, without his having rendered an account of such sale, making the amount which he may owe the plaintiff undetermined, appears to be contradicted by the deposition of Roig, who affirms under oath that Márquez delivered to him the sugar on the *playa* of Humacao, whence

he shipped it to the firm of Silva, having verbally agreed with Márquez as to the price at which it was to be sold, the proceeds of the sale amounting to the sum of $1,577.73, which amount of the note Márquez paid, as alleged in the complaint.

The lower court has given more credit to the statements of the plaintiff than to those of the defendant and we accept its findings on the evidence as it has not been shown that the judge was prompted by passion, prejudice or partiality, according to the doctrine heretofore established in a number of decisions.

The defendant could have presented evidence to show that the sugar sold to the firm of Silva had a greater value than that stated by Roig, but he failed to do so, and, therefore, failed to prove that his obligation to Roig had been extinguished to a greater extent than that stated by the plaintiff.

For the reasons stated, we are of the opinion that the judgment appealed from should be affirmed.

*Affirmed.*

Justices Figueras, MacLeary, Wolf and del Toro concurred.